NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TY ELLINGTON,

           Plaintiff-Appellee,

  v.

ECLIPSE RECREATIONAL VEHICLES,

           Defendant-Appellant,

LIPPERT COMPONENTS, INC,

           Defendant-Appellant.

Nos.  21-55021; 21-55022

D.C. No. 20CV800-JWH-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before:  WARDLAW, PARKER, [**] and HURWITZ, Circuit Judges.

In 2015, Ty Ellington purchased a trailer from a dealership, Giant RV.

Eclipse Recreational Vehicles manufactured the trailer using a frame component

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, United States Circuit Judge for the Second Circuit, sitting by designation.

supplied by Lippert Components, Inc. To complete the transaction, Ellington and Giant RV executed a purchase agreement that included an arbitration provision.[1] Neither Eclipse nor Lippert was a signatory to the purchase agreement.

Four years after his purchase, Ellington discovered cracks in the trailer's frame. Ellington sued Eclipse and Lippert. Relying on the arbitration provision in the purchase agreement between Ellington and Giant RV, Eclipse and Lippert moved to compel arbitration based on equitable estoppel. The district court denied

---

[1] The arbitration provision provides, in pertinent part:

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

the motion. We affirm. *See Ngo v. BMW of N. Am., LLC*, 20-56027 (9th Cir. 2021).

California law permits non-signatory parties to enforce arbitration agreements pursuant to the doctrine of equitable estoppel in two circumstances:

(1) [W]hen a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and,

(2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement.

*Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013) (cleaned up).[2] Here, Ellington has not alleged any "concerted misconduct" between the other signatory (Giant RV) and Eclipse or Lippert. *Id.* at 1129. Nor does Ellington either "rely on the terms of" the purchase agreement or make claims that are "intimately founded in and intertwined with" it. *Id.* at 1128. Consequently, neither basis for equitable estoppel applies. *Id.*  Ellington did not seek to enforce or challenge any of the purchase agreement's provisions. His claims do not depend on the purchase agreements. Instead, they rely only on the fact that he purchased the trailer. Even if Ellington had no purchase agreement with Giant RV, his implied

---

[2] Eclipse and Lippert argue that *Kramer* does not provide the governing standard, and that instead this case is controlled by a recent California Court of Appeal decision, *Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486 (Cal. Ct. App. 2020). *See* Eclipse Opening Br. at 15-23; Lippert Opening Br. at 18-21. For the reasons set forth in *Kim Ngo v.  BMW of North America, LLC,* we reject that argument. *See Ngo v. BMW*, 20-56027, at 16–17.

warranty claims against Eclipse and Lippert would remain unchanged. Accordingly, the district court correctly denied the motion to compel arbitration because Eclipse and Lippert failed to establish the elements of equitable estoppel.

**AFFIRMED.**